**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JACOBS,<br><br>               Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>               Defendants. | Civil Action No. 22-2434 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

**I.**    **BACKGROUND**

    Plaintiff is a state pre-trial detainee confined in South Woods State Prison. (ECF No. 1 at 3.) On January 29, 2020, Plaintiff was taken out of his cell in the prison by Sergeant Carty, who took him into a "room with no cameras." (*Id.* at 6.) Plaintiff was struck on the back of the head,

handcuffed, and repeatedly struck by Carty and other unnamed officers. (*Id.* at 6-7.) Carty then threatened Plaintiff. (*Id.* at 7.) Plaintiff was ultimately charged with having drugs in his cell, which he believes were planted by Carty, and was transferred into punitive housing at Northern State prison in February 2020. (*Id.*) He remained at Northern state prison until he completed his punishment for the drug charge, at which point he was transferred back to South Woods over his objection. (*Id.*) Based on these allegations, and Plaintiff's fear of Carty, he seeks to bring claims against Carty for excessive force. Plaintiff also seeks to raise supervisory relief claims against the New Jersey Department of Corrections, South Woods State Prison, and Warden Fisher of South Woods. Plaintiff also seeks to raise a claim for relief against a John Doe Lieutenant at Northern State Prison who transferred him back to South Woods despite his protest of danger in the form of Defendant Carty.

## II.    LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

2

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  **DISCUSSION**

In In his complaint, Plaintiff seeks to raise an excessive force claim against Defendant Carty premised on the attack which occurred in January 2020, and supervisory relief claims against the remaining Defendants premised on this same attack. Initially, this Court notes that neither the New Jersey Department of Corrections nor South Woods State Prison are proper defendants in a prisoner civil rights matter. *See, e.g., Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the prison and Department must therefore be dismissed with prejudice.

3

Turning to Defendant Fisher, the Court notes that Plaintiff has failed to plead that Fisher was in any way involved in the alleged attack, and Plaintiff's claim against him appears to be based solely on a vicarious theory of liability premised on Fisher's general responsibility to oversee prisoners' safety. A defendant in a civil rights action, however, may only be held liable where they had personal involvement in the alleged wrong – suits against supervisors may not be premised on vicarious theory's of liability. *Chavarriaga v. N.J. Dep't of Corr.,* 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). *see also Iqbal,* 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *Murphy v. Middlesex County,* 361 F. Supp. 3d 376, 387 (D.N.J. 2019) (citing *Baker v. Monroe Township,* 50 F.3d 1186, 1190–91 (3d Cir. 1995)). As Plaintiff has failed to plead any facts suggesting Fisher's personal involvement, the claim against him must be dismissed without prejudice.

In his remaining excessive force claim, Plaintiff seeks to hold Defendant Carty liable for excessive force based on an assault which occurred in late January 2020, approximately twenty-seven months before Plaintiff filed this matter in April 2022. Federal civil rights actions in this District, however, are subject to New Jersey's two-year personal injury statute of limitations. *Patyrak v. Apgar,* 511 F. App'x 193, 195 (3d Cir. 2013). Because Plaintiff filed his suit in this matter more than two years after the events giving rise to his claim, his excessive force claim appears to be well and truly time barred absent some basis for the tolling of the two year limitations period. *Id.* As this Court discerns no basis for tolling from the face of Plaintiff's complaint, this Court must therefore dismiss Plaintiff's claim as untimely. Because Plaintiff has not yet had an

explicit opportunity to address the timeliness issue, however, this Court will dismiss that claim without prejudice.

In his final claim, Plaintiff seeks to assert that the John Doe Lieutenant improperly transferred him back to South Woods despite Plaintiff's fear of further attacks by Carty. Essentially, Plaintiff is seeking to raise a claim asserting that the Lieutenant has failed to protect him from the threat of Carty. In order to raise such a claim, however, Plaintiff must plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk, resulting in harm to the Plaintiff. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. Although Plaintiff states that he informed the Lieutenant that he believed himself to be in danger, and that the Lieutenant ignored his pleas of such, he has failed to plead facts indicating that any actual harm has resulted from his transfer – he does not allege that he has been subject to any further attacks by Carty or other officers following his being transferred back to South Woods. Plaintiff has therefore failed to plead a plausible failure to protect claim, and his claim against the Lieutenant must be dismissed without prejudice as a result. As all of Plaintiff's claims shall be dismissed, his complaint shall be dismissed in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge